UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WEATHERFORD,<br><br>Petitioner,<br><br>v.<br><br>T. FELKER, Warden,<br><br>Respondent. | NO. CV 07-911-ABC (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition; the Magistrate Judge's Report and Recommendation ("R&R") filed on December 7, 2009; and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.

The initial deadline for filing objections to the R&R was December 30, 2009. (Dkt. No. 69.) On December 30, 2009, the Magistrate Judge granted Petitioner's request for an extension of time to January 29, 2010, to file objections. (Dkt. No. 72.) On January 29, 2010, the Magistrate Judge granted Petitioner's second request for an extension of time to March 1, 2010, to file objections. (Dkt. No. 74.) On February 11, 2010, the Magistrate Judge granted

Petitioner's third request for an extension of time to April 15, 2010, to file objections. (Dkt. No. 77.) On April 12, 2010, the Magistrate Judge granted Petitioner's fourth request for an extension of time to June 15, 2010, to file objections. (Dkt. No. 81.) On June 15, 2010, the Magistrate Judge granted Petitioner's fifth request for an extension of time to July 16, 2010, to file objections;[1] the Magistrate Judge also advised Petitioner that no further extension of time would be granted absent extraordinary circumstances. (Dkt. No. 83.) On July 12, 2010, the Magistrate Judge granted Petitioner's sixth request for an extension of time to August 2, 2010, to file objections. (Dkt. No. 86.)

On August 3, 2010, Petitioner filed a seventh request for an extension of time (signed on July 29, 2010). He stated that on July 28, 2010, he had "just received" the July 12 minute order, that the prison was on rolling lockdown, and that without the minute order he could not "prove" to the prison that he had a court deadline. (Dkt. No. 87 at 1.) Petitioner attached no corroborative evidence of his allegations.

On August 6, 2010, the Magistrate Judge granted Petitioner "**one last extension of time**" to August 27, 2010. (Dkt. No. 88 (emphasis in original).) The Magistrate Judge advised Petitioner that if he failed to file timely objections, the Magistrate Judge would submit the matter to this Court on the basis of the original R&R. (*Id.*) The Magistrate Judge also advised Petitioner that if he filed another request for extension of time, he must submit "corroborative evidence of his allegations" why such a request was justified. (*Id.*)

On August 31, 2010, Petitioner filed an eighth request for a 30-day extension of time ("Motion"). He attaches several memorandums, the latest of

---

[1] At the time of Petitioner's first request for extension of time, he was incarcerated at California State Prison, Los Angeles County. (Dkt. No. 71.) As of Petitioner's third request for extension of time, he had been transferred to California Men's Colony. (Dkt. No. 76.) As of Petitioner's fifth request for extension of time filed on June 10, 2010, he had been transferred to Pleasant Valley State Prison, where he is still incarcerated. (Dkt. No. 82.)

2

which is dated August 12, 2010, from the California Department of Corrections, which state that "[o]n a rotational basis one facility per shift will be placed on a modified program." (*See e.g.*, Motion at Ex. A.) He states that because of these modifications, it "make[s] it hard for us to get to the law library on a regular bas[is]." (*Id.*, Petitioner Declaration.)

As of the filing of Petitioner's latest request, the R&R had been pending for well over eight months. Petitioner submits no evidence as to how the prison's modified program has affected his ability to draft objections. The attached memorandums do not modify the program at Petitioner's prison on a continuous basis, but on a "rotational" basis; they list the prison facilities affected by date.[2] (Motion, Ex. A.) Even Petitioner does not state that it is impossible for him to get to the law library, only that it is "hard." (*Id.*, Declaration.) Petitioner does not state he requested and was denied access to the law library. Therefore, Petitioner has failed to demonstrate circumstances that warrant an eighth extension of time. *See Ruiz v. Kirkland*, 2010 WL 1235610, *1 (C.D. Cal. 2010) (request for fifth extension of time to file objections denied after R&R pending for over four months and no showing petitioner was denied access to law library).

On September 13, 2010, Plaintiff filed a Motion and Declaration for Appointment of Counsel ("Request for Counsel"). Plaintiff states that he has been diagnosed by a psychologist for depression, hearing voices, insomnia, and mood swings. (Request for Counsel at 1.) He further states that the psychologist prescribed a medication plan for these conditions that he still suffers from "to this day." (*Id.*) Petitioner attaches various documents ostensibly in support of these allegations. (*Id.*, Ex. A.) None of the attached documents indicate that a psychologist diagnosed Petitioner with any of the conditions he alleges. Instead, they show that between the years 2003 to 2008, Petitioner was prescribed

---

[2] The "facilities" are apparently sections of the prison where inmates are housed. (*See, e.g.*, Motion, Ex. A ("2/W Facility C").)

3

different medications that may be used to treat different kinds of mental disorders. (*Id.*) He also attaches documents that show that as of June 23, 2010, he was part of the mental health program at the prison. (*Id.*) Despite the fact that the medications were prescribed as early as 2003, Petitioner has never requested appointment of counsel from the time he filed the petition on February 7, 2007, until now.

Habeas petitioners generally do not have a constitutional right to appointment of counsel. See *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). The Court has reviewed the pleadings and record in this case and has determined that the interests of justice do not warrant appointment of counsel. 18 U.S.C. § 3006A.

The following is HEREBY ORDERED:

1. Petitioner's Motion for Appointment of Counsel is DENIED.
2. Petitioner's motion for extension of time (Dkt. No. 89) is DENIED.
3. The Report and Recommendation is adopted and Judgment will be entered denying the Petition and dismissing this action with prejudice.

DATED: Sept 29, 2010

AUDREY B. COLLINS
United States District Judge